# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| WILLIAM BRUMLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-5061-SSA-CV-SW-WAK |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant William Brumley, Jr., seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* He claims he became disabled beginning on October 10, 2000. The parties' briefs were fully submitted, and on February 13, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

The record in this case reveals that claimant Brumley was born in 1958 and completed high school plus a year of college. He has worked as an assembler, engine tester, welder, and wastewater treatment plant operator.

The administrative law judge (ALJ) found claimant had medically determinable impairments of diabetes mellitus with peripheral neuropathy, hypertension, history of peptic ulcer, history of lower back pain, history of left shoulder pain, history of alcohol use and anxiety.

He found the diabetes and lower back pain to be severe impairments in combination, but that Brumley could return to his former work.

The ALJ appeared to rely on the findings of Dr. Alpern, a medical expert who did not examine claimant and who may not have had all of claimant's medical records for review. Claimant's medical records clearly show Brumley had impairments, some of which were severe, but do not provide much guidance on what claimant could or could not do during a regular work day. There is considerable testimony and medical notations relating to numbness and a lack of feeling in claimant's feet and hands. There is nothing to suggest that claimant's reports to his physicians were exaggerated or made for an improper purpose.

In light of the medical and other evidence in the record as a whole, it was improper for the ALJ to give Dr. Alpern's opinion controlling weight when he did not examine claimant. Further, in his decision, the ALJ did not mention claimant's treating doctors or give much analysis to support his credibility determination.

For these reasons, those set forth in more detail in the claimant's brief and the court's comments at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record to determine whether claimant is disabled within the meaning of the Social Security Act.

Dated this 22nd day of February, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge